# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

___JACKSONVILLE___ Division

## CIVIL RIGHTS COMPLAINT FORM

LEGAL MAIL PROVIDED TO
FLORIDA STATE PRISON
ON
DEC 0 2 2013
FOR MAILING
INMATES INITIALS ___AB___

ANTONIO L. BUCKMAN

CASE NUMBER: 3:13-CV-872-J-32JRK
(To be supplied by Clerk's Office)

JURY TRIAL DEMANDED

AMENDED COMPLAINT

(Enter full name of each Plaintiff and
prison number, if applicable)

v.

RONNIE MORRIS

BRANDON W. WOODS

J. OLIVEROS

SERGEANT K. PARR

(Enter full name of each Defendant.
If additional space is required, use the
blank area directly to the right).

J. ANDERSON

GEORGE R. HANSON

JOHN MCSPADDEN

ALL DEFENDANTS ARE BEING SUED
IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES.

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.    PLACE OF PRESENT CONFINEMENT: FLORIDA STATE PRISON. 7819 N.W. 228th ST
                                        (Indicate the name and location)
RAIFORD, FL 32026

II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES: Exhaustion of administrative remedies is
      required prior to pursuing a civil rights action regarding conditions or events in any prison, jail,
      or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the
      administrative grievance process was not completed prior to filing this lawsuit may be subject
      to dismissal.

III.  PREVIOUS LAWSUITS:

DC 225 (Rev 2/2012)

1 OF 23

A.   Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?   Yes ( ✓ ) No ( )

B.   Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?   Yes ( ✓ ) No ( )

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

    1.   Parties to previous lawsuit:

        Plaintiff(s): ANTONIO L. BUCKMAN

        Defendant(s): SGT. JAMES A. BEIGHLEY AND OFFICER T. COLEMAN

    2.   Court (if federal court, name the district; if state court, name the county):

        BRADFORD COUNTY

    3.   Docket Number: 04-2010-CA-50

    4.   Name of judge: TOBY S. MONACO

    5.   Briefly describe the facts and basis of the lawsuit: DEFENDANTS DESTROYED PLAINTIFFS PERSONAL PROPERTY WHICH RESULTED IN A TORT ACTION BEING FILED. PLAINTIFF SEEKED COMPENSATORY DAMAGES FOR HIS DESTROYED PROPERTY.

    6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?): CASE WAS DISMISSED, THEN APPEALED. APPEAL DENIED, PLAINTIFF THEN FILED A 1.540(b) MOTION WHICH WAS DENIED, PLAINTIFF THEN FILED AN APPEAL WHICH IS STILL PENDING.

    7.   Approximate filing date: JANUARY 4, 2010

    8.   Approximate disposition date: OCTOBER 21, 2010

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

DC 225 (Rev 2/2012)

(1). PREVIOUS LAWSUITS:

PLAINTIFF(S): ANTONIO BUCKMAN
DEFENDANT(S): WARDEN STEVEN SINGER, et al.

(2). COURT (IF FEDERAL COURT, NAME OF THE DISTRICT)
MIDDLE DISTRICT OF FLORIDA

(3). DOCKET NUMBER: 3:11-CV-269-J-99TJC-JRK
(4). NAME OF JUDGE: TIMOTHY J. CORRIGAN
(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT:
PRELIMINARY INJUNCTION/TRO FORCING PLAINTIFF TO CUT HIS HAIR IN VIOLATION
OF THE 1st AMENDMENT RIGHT AND THE (RLUIA).

(6). DISPOSITION OF CASE? DISMISSED
(7). APPROXIMATELY FILING DATE: AROUND MARCH 17, 2011
(8). APPROXIMATELY DISPOSITION DATE: MARCH 23, 2011, I THINK

(1). PREVIOUS LAWSUITS:

PLAINTIFF(S): ANTONIO BUCKMAN
DEFENDANT(S): JOHN PALMER, et al.

(2). COURT (IF FEDERAL COURT, NAME OF THE DISTRICT)
MIDDLE DISTRICT OF FLORIDA

(3). DOCKET NUMBER: 3:12-CV-1056-MMH-JRK
(4). NAME OF JUDGE: DO NOT KNOW
(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT:
PLAINTIFF WAS SEEKING AN INJUNCTION/TRO TO FORCE THE DEFENDANT'S TO
ISSUE PLAINTIFF BACK HIS PERSONAL PROPERTY SUCH AS LEGAL WORK, RELIGIOUS MAT-
ERIAL, LEGAL BOOKS, ETC. THAT WAS ILLEGALLY TAKEN IN VIOLATION OF MY 1st AMENDMENT
RIGHS.

(6). DISPOSITION OF CASE? DISMISSED
(7). APPROXIMATE FILING DATE: 9-27-12
(8). APPROXIMATE DISPOSITION DATE: DO NOT KNOW

**(1). PREVIOUS LAWSUITS:**

PLAINTIFF(S): ANTONIO BUCKMAN

DEFENDANT(S): DARRELL KENNINGTON, et al

(2). CASE WAS IN THE FEDERAL COURT: MIDDLE DISTRICT OF FLORIDA

(3). DOCKET NUMBER: 3:08-CV-893-J-32JRK

(4). NAME OF JUDGE: TIMOTHY J. CORRIGAN

(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: EXCESSIVE FORCE WAS USED AGAINST PLAINTIFF WITHOUT CAUSE IN VIOLATION OF THE 8th AMEND. RIGHT

(6). DISPOSITION OF CASE? DISMISSED DUE TO SETTLEMENT

(7). APPROXIMATE FILING DATE: SEPTEMBER 15, 2008

(8). APPROXIMATE DISPOSITION DATE: MARCH OF 2010

**(1). PREVIOUS LAWSUITS:**

PLAINTIFF(S): ANTONIO BUCKMAN

DEFENDANT(S): LANCE SIMMONS, et al,

(2). CASE WAS FILED IN THE FEDERAL COURT: MIDDLE DISTRICT OF FLORIDA

(3). DOCKET NUMBER: 3:10-CV-1050-J-12JBT

(4). NAME OF JUDGE: JOEL B. TOOMEY

(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: PLAINTIFF WAS DENIED MEDICAL ASSISTANCE, THEN FORCED TO SELF-HARM HIMSELF, DUE TO THE DEFENDANTS DELIBERATE INDIFFERENCE IN VIOLATION OF PLAINTIFFS 8th AMENDMENT RIGHT.

(6). DISPOSITION OF CASE? PENDING

(7). APPROXIMATE FILING DATE: NOV. 9, 2010

(8). APPROXIMATE DISPOSITION DATE: PENDING

**(1). PREVIOUS LAWSUITS:**

PLAINTIFF(S): ANTONIO BUCKMAN

DEFENDANT(S): SECRETARY, DEPT OF CORR. et al,

(2). CASE WAS FILED IN THE FEDERAL COURT: MIDDLE DISTRICT OF FLORIDA

(3). DOCKET NUMBER: 3:10-CV-486-J-JRK

(4). NAME OF JUDGE: JAMES R. KLINDT

(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: THIS IS NOT A CIVIL ACTION UNDER 1983, PLAINTIFF FILED A FEDERAL WRIT OF HABEAS CORPUS CHALLENGING HIS CONVICTIONS AND SENTENCE UNDER INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS.

(6). DISPOSITION OF CASE: PENDING

(7). APPROXIMATE FILING DATE: JUNE 1, 2010

(8). APPROXIMATE DISPOSITION DATE: PENDING

(1). <u>PREVIOUS LAWSUITS</u>:

PLAINTIFF(S): <u>ANTONIO BUCKMAN</u>

DEFENDANT(S): <u>SECRETARY, DEPT. OF CORR.</u> et al.

(2). CASE WAS FILED IN THE STATE COURT: <u>LEON COUNTY</u>

(3). DOCKET NUMBER: <u>2012-CA-2672</u>

(4). NAME OF JUDGE: <u>KEVIN J. CARROLL</u>

(5). BRIEFLY DESCRIBE THE FACTS AND BASIS FOR THE LAWSUIT: <u>PLAINTIFF FILED A</u> <u>WRIT OF MANDAMUS CHALLENGING THE FINDING OF GUILT OF THE DR HEARING WHERE</u> <u>DOC FAILED TO PREVENT THE ACTUAL EVIDENCE AT THE HEARING, PLAINTIFF SEEKS THAT</u> <u>THE DR CONVICTION IS OVERTURNED AND HIS RADIO REIMBURSED</u>.

(6). DISPOSITION OF CASE: <u>PENDING</u>

(7). APPROXIMATE FILING DATE: <u>AUGUST 16, 2012</u>

(8). APPROXIMATE DISPOSITION DATE: <u>PENDING</u>

(1). <u>PREVIOUS LAWSUITS</u>:

PLAINTIFF(S):

DEFENDANTS(S):

identify these suits below by providing the case number, the style, and the disposition of each case: (1), CASE NO. 3:11-CV-269-J-99TJK-JRK , PRELIMINARY INJUNCTION/TRO, FEDERAL SUIT DISMISSED AS FRIVOLOUS OR FAILURE TO STATE A CLAIM, OF VIOLATION OF RELIGIOUS RIGHTS.(2), CASE NO.3:12-CV-1656-MMH-JRK, PRELIMINARY INJUNCTION/TRO DISMISSED FOR FAILURE TO PROVIDE A PROPOSED ORDER, VIOLATION OF MY 1st & 14th AMENDMENT RIGHTS TO LEGAL DOCUMENTS AND RELIGIOUS MATERIAL.

IV.   **PARTIES:**  In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

   A.   Name of Plaintiff: ANTONIO L BUCKMAN

      Mailing address: FLORIDA STATE PRISON, 7819 N.W. 228th ST. RAIFORD, FL 32026

   B.   Additional Plaintiffs: _____

      _____

      _____

In part C of this section, indicate the **full name** of the first named Defendant.  Also, fill in his or her mailing address, position, and where he or she is employed.  For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

   C.   Defendant: RONNIE MORRIS

      Mailing Address: 7819 N.W. 228th ST. RAIFORD, FL 32026

      _____

      Position: SERGEANT

      Employed at: FLORIDA STATE PRISON

   D.   Defendant: BRANDON W. WOODS

      Mailing Address: 7819 N.W. 228th ST. RAIFORD, FL 32026

      _____

DC 225 (Rev 2/2012)

8

Position: SERGEANT

Employed at: FLORIDA STATE PRISON

E.   Defendant: J. OLIVEROS

Mailing Address: 7819 N.W. 228th ST. RAIFORD, FL 32026

Position: CORRECTIONAL OFFICER

Employed at: FLORIDA STATE PRISON

F.   Defendant: K. PARR

Mailing Address: 7819 N.W. 228th ST. RAIFORD, FL 32026

Position: SERGEANT

Employed at: FLORIDA STATE PRISON

G.   Defendant: J. ANDERSON

Mailing Address: 7819 N.W. 228th ST. RAIFORD, FL 32026

Position: SERGEANT

Employed at: FLORIDA STATE PRISON

H.   DEFENDANT: GEORGE R. HANSON
MAILING ADDRESS: 7819 N.W. 228th ST. RAIFORD, FL 32026
POSITION: CAPTAIN
EMPLOYED AT: FLORIDA STATE PRISON

I.   DEFENDANT: JOHN MCSPADDEN
MAILING ADDRESS: 7819 N.W. 228th ST. RAIFORD, FL 32026
POSITION: LIEUTENANT
EMPLOYED AT: FLORIDA STATE PRISON

DC 225 (Rev 2/2012)                    4

V. **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. **Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.**

(1). DEFENDANTS RONNIE MORRIS, BRANDON WOODS, J. ANDERSON AND KORR ARE CORRECTIONAL SERGEANTS EMPLOYED AT FLORIDA STATE PRISON. THEY ARE BEING SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

(2). DEFENDANT J. OLIVEROS IS A CORRECTIONAL OFFICER EMPLOYED AT FLORIDA STATE PRISON. HE IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

VI. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1.   Name and position of person(s) involved.
2.   Date(s).
3.   Place(s).
4.   Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.   Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

(20). AT APPROXIMATELY 8:45 PM ON MAY 7, 2013, WHILE HOUSED AS A MAXI-MUM MANAGEMENT INMATE AT FLORIDA STATE PRISON ON Q-WING CELL Q-2306S PLAINTIFF WAS IN THE PROCESS OF BEING HANDCUFFED TO EXIT HIS CELL FOR BAR CHECK.

(21). AN UNKNOWN OFFICER INFORMED PLAINTIFF THAT HE HAD TO PERFORM A STRIP SEARCH.

DC 225 (Rev 2/2012)

(3). DEFENDANT JOHN McSPADDEN IS A LIEUTENANT EMPLOYED AT FLORIDA STATE PRISON. DEFENDANT GEORGE HANSON IS A CAPTAIN EMPLOYED AT FLORIDA STATE PRISON, THEY WERE IN CHARGE OF ALL CLOSE MANAGEMENT WINGS, AND THE SUPERVISION AND DISCIPLINE OF ALL PRISON EMPLOYEES AT FLORIDA STATE PRISON ON THE DAY OF THE VIOLATION AND IS BEING SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

## A.   USE OF EXCESSIVE FORCE

(4). THE ACTIONS OF DEFENDANT MORRIS, WOODS, ANDERSON, PARR AND OLIVERO'S IN USING EXCESSIVE AND UNNECESSARY FORCE AGAINST PLAINTIFF WITHOUT NEED OR PROVOCATION WERE DONE MALICIOUSLY AND SADISTICALLY FOR THE VERY PURPOSE OF CAUSING HARM AND NOT IN A GOOD FAITH EFFORT TO RESTORE ORDER OR MAINTAIN DISCIPLINE OR FOR ANY LEGITIMATE PENOLOGICAL REASON AS STATED IN THIS COMPLAINT WHICH VIOLATED PLAINTIFFS CONSTITUTIONAL RIGHTS UNDER THE EIGHTH AMENDMENT PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT AND THE UNNECESSARY WANTON AND INFLICTION OF PAIN AND THE FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS.

(5). AS A RESULT OF DEFENDANT MORRIS, WOODS, ANDERSON, PARR AND OLIVERO'S UNNECESSARY EXCESSIVE FORCE, PLAINTIFF WAS VICIOUSLY ASSAULTED AND RECEIVED SERIOUS PHYSICAL AND EMOTIONAL INJURIES.

## B.   FAILURE TO INTERVENE AND PROTECT

(6). THE FAILURE OF DEFENDANT'S OLIVERO'S, ANDERSON AND PARR TO MEET THEIR RESPONSIBILITIES AS PRISON EMPLOYEES TO INTERVENE TO PREVENT THE MISUSE OF FORCE AGAINST PLAINTIFF BY SGT. MORRIS AND SGT. WOODS WHEN THEY BECAME AWARE THAT SGT. MORRIS AND SGT. WOODS WERE MALICIOUSLY AND SADISTICALLY USING UNNECESSARY FORCE FOR THE VERY PURPOSE OF CAUSING HARM AND NOT IN A GOOD FAITH EFFORT TO RESTORE ORDER OR MAINTAIN DISCIPLINE OR FOR ANY LEGITIMATE PENOLOGICAL REASON AS STATED IN THIS COMPLAINT, VIOLATED

CONTROLLING CONSTITUTIONAL STANDARDS BY PARTICIPATING IN, FACILITATING, ENCOURAGING OR ACQUIESCING THE BEHAVIOR OF SGT. MORRIS AND SGT. WOODS WHICH CONTRIBUTED TO AND PROXIMATELY CAUSED PLAINTIFFS INJURIES THAT VIOLATED PLAINTIFFS EIGHTH AMENDMENT RIGHT TO BE FREE FROM DELIBERATE INDIFFERENCE TO HIS SAFETY, CRUEL AND UNUSUAL PUNISHMENT AND THE UNNECESSARY WANTON AND INFLICTION OF PAIN.

(7). THE FAILURE OF DEFENDANTS MCSPADDEN AND HANSON TO MEET THEIR RESPONSIBILITIES AS HIGHER RANKED PRISON EMPLOYEES TO INTERVENE AND PREVENT THE MISUSE OF FORCE THAT WAS BEING APPLIED WITHOUT NEED OR PROVOCATION BY THE A-TEAM MEMBERS WHEN THEY POSSESSED THE KNOWLEDGE OF A SUBSTANTIAL RISK OF SERIOUS HARM AND KNEW THAT THE UNNECESSARY FORCE WAS MALICIOUSLY AND SADISTICALLY BEING APPLIED FOR THE VERY PURPOSE OF CAUSING HARM AND NOT IN A GOOD FAITH EFFORT TO RESTORE ORDER OR MAINTAIN DISCIPLINE OR FOR ANY LEGITIMATE PENOLOGICAL REASON AS STATED IN THIS COMPLAINT. VIOLATED CONTROLLING CONSTITUTIONAL STANDARDS BY PARTICIPATING IN, FACILITATING, ENCOURAGING, OR ACQUIESCING THE BEHAVIOR OF THE A-TEAM MEMBERS WHICH CONTRIBUTED TO AND PROXIMATELY CAUSED PLAINTIFFS INJURIES THAT VIOLATED THE EIGHTH AMENDMENT RIGHT TO BE FREE FROM DELIBERATE INDIFFERENCE TO HIS SAFETY; THE RIGHT TO BE FREE FROM THE UNNECESSARY WANTON AND INFLICTION OF PAIN.

(8). AS A RESULT OF DEFENDANT MCSPADDEN AND HANSON'S FAILURE TO INTERVENE. PLAINTIFF WAS VICIOUSLY ASSAULTED AND RECEIVED PHYSICAL AND EMOTIONAL INJURIES.

## C. ASSAULT AND BATTERY

(9). THE ACTIONS OF DEFENDANTS MORRIS, WOODS, OLIVEROS, ANDERSON, AND PARR IN USING EXCESSIVE PHYSICAL FORCE AGAINST PLAINTIFF WITHOUT NEED OR PROVOCATION AS STATED IN THIS COMPLAINT CON-

STITUTED THE TORT OF ASSAULT AND BATTERY UNDER THE LAW OF FLORIDA THAT DENIED PLAINTIFF THE RIGHT TO BE FREE OF STATE-OCCASIONED DAMAGE TO ONE'S BODILY INTEGRITY WHICH IS PROTECTED BY THE FOURTEENTH AMENDMENT RIGHT GUARANTEE OF DUE PROCESS AND THE EIGHTH AMENDMENT PROHIBITION AGAINST CRUEL AND USUAL PUNISHMENT.

(10). THE ACTS OF DEFENDANTS MORRIS, WOODS, OLIVEROS, ANDERSON AND PARR AGAINST PLAINTIFF BY ACTUALLY AND INTENTIONALLY STROKING PLAINTIFF AGAINST HIS WILL AND CAUSING GREAT BODILY HARM WAS GROSSLY DIS-PROTIONATE TO THE NEED FOR ACTION UNDER THE CIRCUMSTANCES AND WAS INSPIRED BY MALICE RATHER THAN MERELY CARELESS OR UNWISE EXCESS OF ZEAL SO THAT IT AMOUNTED TO AN ABUSE OF OFFICIAL POWER THAT SHOCKS THE CONSCIENCE OF MAN.

(11). THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM UNDER 28 U.S.C. SECTION § 1367

# D. RETALIATION

(12). THE STATEMENT OF DEFENDANTS MORRIS, WOODS, AND OLIVEROS THAT THEIR REASONS FOR KICKING PLAINTIFF'S ASS WAS FOR HIS PAST MISCONDUCT OF ASSAULTING OFFICER'S AT FLORIDA STATE PRISON DEMONSTRATES THAT THESE DEFENDANTS HARBORED A RETALIATORY ANIMUS TO PUNISH PLAINTIFF FOR HIS MISCONDUCT AGAINST PRISON OFFICIALS, CONSTITUTED RETALIATION AND THERE-FORE, VIOLATED PLAINTIFF'S FIRST AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION.

(13). THE REFUSAL OF DEFENDANT McSPADDEN TO PROVIDE PROTECTION TO PLAIN-TIFF DURING THE UNNECESSARY FORCE BY THE A-TEAM WAS DUE TO PLAINTIFF HAVING FILED GRIEVANCES AGAINST HIM AND FOR PLAINTIFF'S PAST MISCONDUCT OF ASSAULTING HIS PARTNER LT. SANDERS WHICH DEMONSTRATES McSPADDEN HARBORED A RETALIATORY ANIMUS TO PUNISH PLAINTIFF THAT CONSTITUTED RETALIATION AND THEREFORE, VIOLATED PLAINTIFF'S FIRST AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION.

(14). As a Result of Defendants Morris, Woods, Olivero's and Lt. McSpaddens Retaliatory Attack, Plaintiff was viciously beaten and received serious physical and emotional injuries.

# E. OBSTRUCTION OF JUSTICE

(15). Defendants Morris, Woods, Olivero's, Anderson, Parr, Hanson and McSpadden conspired to obstruct justice by creating false, misleading and inaccurate documents and reports to conceal the actual facts of why the physical force was used against Plaintiffs natural body that resulted in a partial investigation being conducted by the Inspector General's office of (DOC) where the Defendants knew that their actions was willfully, knowingly and intentionally and for the Defendants to impede the investigation is a violation of state and federal law of the United States Constitution.

(16). As a Result of the partial investigation no actions were taken against any Defendant and Plaintiff was not investigated or interviewed by the Inspector Generals office of Florida DOC.

(17). Plaintiff only sues the Defendants in their official capacities for injunction purposes only.

(18). All Defendants have acted under the color of state law at all times relevant to this complaint.

(19). The Plaintiff has no adequate or complete remedy at law to redress the wrongs described in this complaint. Plaintiff has and will continue to be irreparably injured by the conduct of all the Defendants unless this court grants the declaratory and injunction relief and all other relief Plaintiff seeks.

(22). PLAINTIFF INFORMED THIS UNKNOWN OFFICER THAT HE WASN'T GOING TO THE SHOWER OR LEAVING THE WING SO A STRIP SEARCH WAS UNNECESSARY.

(23). LT. MCSPADDEN ALSO INFORMED THIS UNKNOWN OFFICER THAT SINCE PLAINTIFF WASN'T GOING TO THE SHOWER HE DIDN'T HAVE TO CONDUCT A STRIP SEARCH PROCEDURE.

(24). THE UNKNOWN OFFICER INFORMED LT. MCSPADDEN THAT THE CAPTAIN WANTED PLAINTIFF TO PERFORM A STRIP SEARCH.

(25). SGT. TAYLOR WHO WAS THE SERGEANT OF Q-WING INFORMED PLAIN-TIFF TO GO AHEAD AND PERFORM THE STRIP SEARCH.

(26). PLAINTIFF THEN COMPLIED WITH THE STRIP SEARCH PROCEDURE BY SQUATING HALFWAY AND COUGHING.

(27). THE UNKNOWN OFFICER SAID THAT THE CAPTAIN WANTED PLAINTIFF TO BEND OVER AT THE WAIST AND SPREAD HIS BUTTOCKS.

(28). PLAINTIFF THEN INFORMED THE UNKNOWN OFFICER THAT HE WASN'T GOING TO BEND OVER AT THE WAIST AND SPREAD HIS BUTTOCKS DUE TO LOWER BACK PAIN, SELF-DIGNITY AND THE SEXUAL HARRASSMENT HE'S RECEIVED FROM LT. MCSPADDEN.

(29). LT. MCSPADDEN THEN CALLED FOR CAPTAIN HANSON ON HIS RADIO.

(30). APPROXIMATELY FIVE MINUTES LATER CAPTAIN HANSON ARRIVED AT PLAINTIFF'S CELL Q-2306s, AND INFORMED PLAINTIFF THAT HE WAS GOING TO BEND OVER AT THE WAIST AND SPREAD HIS BUTTOCKS OR HE WAS GOING TO UTILIZE CHEMICAL AGENTS AGAINST PLAINTIFF.

(31). PLAINTIFF INFORMED CAPTAIN HANSON THAT HE WOULD SQUAT AND COUGH, BUT HE WAS NOT GOING TO BEND OVER AT THE WAIST

(32). DUE TO BACK CONDITIONS THAT PREVENT SUCH, AND FOR HIM TO CALL MEDICAL OR GO AND GET HIS GAS.

(33). PLAINTIFF THEN STARTED PACKING HIS PROPERTY IN A SHEET TO PREVENT THE CHEMICAL AGENTS FROM DESTROYING HIS PROPERTY.

(34). AS PLAINTIFF ATTEMPTED TO PICK HIS PROPERTY OFF THE FLOOR, PLAINTIFF EXPERIENCED A SHARP PAIN IN HIS LOWER BACK THAT CAUSED HIM TO FALL TO THE FLOOR AND LAY THERE.

(35). AFTER ABOUT 30 SECONDS, PLAINTIFF ATTEMPTED TO GET UP AND WAS UNSUCCESSFUL IN HIS ATTEMPT DUE TO PAIN.

(36). PLAINTIFF THEN INFORMED THE INMATES ON Q-WING TO YELL FOR THE OFFICER THAT A MAN WAS DOWN.

(37). AS FOR THE SECOND TIME PLAINTIFF ATTEMPTED TO GET UP BUT DUE TO THE MORE EXTREME PAIN PLAINTIFF LOST CONSCIOUS.

(38). AT SOME POINT LT. MCSPADDEN, CAPTAIN HANSON AND OTHER OFFICER'S ARRIVED AT PLAINTIFFS CELL TO DISCOVER HIM UNCONSCIOUS.

(39). CAPTAIN HANSON THEN CALLED FOR THE A-TEAM WITH A SHIELD AND THE MEDICAL NURSE.

(40). ONCE THE A-TEAM ARRIVED UPON Q-WING AT PLAINTIFFS CELL, PLAINTIFF WAS STILL UNCONSCIOUS AND UNRESPONSIVE.

(41). AT THAT TIME CAPTAIN HANSON ALLOWED THE A-TEAM TO ENTER PLAINTIFFS CELL Q-2306 S WITHOUT FIRST ALLOWING THE MEDICAL NURSE TO MAKE A DETERMINATION WHETHER PLAINTIFF WAS INDEED OKAY AND NEEDED MEDICAL ASSISTANCE.

(42). UPON THE A-TEAM ENTERING PLAINTIFFS CELL Q-2306 S, SGT. WOODS

(43). INTENTIONALLY HIT PLAINTIFF IN THE FACE WITH THE SHIELD WHILE PLAINTIFF WAS STILL IN AN UNCONSCIOUS STATE ON THE FLOOR.

(44). SGT. WOODS HIT PLAINTIFF IN THE FACE WITH THE SHIELD WITH ALL THE INTENTIONS OF INJURING.. PLAINTIFF.

(45). AT THAT MOMENT PLAINTIFF AWOKE TO OBSERVE SGT. MORRIS MOVE THE SHIELD BELOW PLAINTIFF'S CHIN.

(46). SGT. MORRIS THEN STARTED PUNCHING PLAINTIFF IN THE FACE.

(47). SGT. WOODS THEN STARTED PUNCHING PLAINTIFF IN THE FACE AND MOUTH MULTIPLE TIMES ALONG WITH SGT. MORRIS.

(48). AT THIS TIME SGT. WOODS STARTED SCREAMING STOP RESISTING WHILE HE PUNCHED PLAINTIFF.

(49). OFFICER OLIVERO'S ,PARR. AND SGT. ANDERSON THEN STARTED ASSAULTING PLAINTIFF TOO.

(50). PLAINTIFF THEN OBSERVED SGT. WOOD COCK HIS ARM ALL THE WAY BACK WITH CLOSED FIST AND BROUGHT IT DOWN ONTO PLAINTIFF'S MOUTH KNOCKING HIS BIG TOOTH DOWN HIS THROAT.

(51). PLAINTIFF THEN TURNED HIS HEAD SIDE-WAYS AND SPIT HIS TOOTH OUT SO THAT HE WOULD NOT SWALLOW IT.

(52). AS PLAINTIFF HEAD WAS TURNED SIDE-WAYS ,SGT. WOODS STARTED KICKING PLAINTIFF IN THE MOUTH WITH THE TIP OF HIS BOOT WHILE THE OTHER DEFENDANTS CONTINUED TO ASSAULT PLAINTIFF ABOUT THE HEAD AND SIDE OF THE FACE.

<u>STATEMENT OF FACTS (CONTINUED)</u>

(53). PLAINTIFF WAS THEN TURNED ON HIS STOMACH AND PLACED IN RESTRAINTS IN WHICH SGT. WOODS AND SGT. MORRIS CONTINUED TO TAKE CHEAP PUNCHES AT PLAINTIFF'S HEAD.

(54). PLAINTIFF WAS THEN LIFTED OFF THE FLOOR AND ESCORTED OUT THE CELL REAL BLOODY THAT IT LOOKED AS THOUGH PLAINTIFF HAD BEEN SHOT OR STABBED MULTIPLE TIMES BY SOMEONE.

(55). CAPTAIN HANSON THEN INFORMED ONE OF THE DEFENDANTS TO PLACE A SPIT SHIELD OVER PLAINTIFF'S HEAD IN AN ATTEMPT TO CONCEAL PLAINTIFF'S INJURIES FROM OTHER OFFICERS, THE WING CAMERA'S AND THE USE OF FORCE CAMERA.

(56). PLAINTIFF WAS THEN ESCORTED TO THE MEDICAL CLINIC AND SEEN BY THE NURSES WHO FAILED IN THEIR DUTY TO DOCUMENT ALL PLAINTIFF'S INJURIES AS THEY DISCOVERED THEM, IN AN ATTEMPT TO HELP COVER UP THE STAFF ABUSE.

(57). AT NO TIME WHILE THE A-TEAM WERE IN PLAINTIFF'S CELL DID HE RESIST OR ATTEMPT TO RESIST THE TEAM EFFORTS TO PLACE RESTRAINTS ON HIM, NOR DID HE REFUSE TO COMPLY WITH ANY ORDERS.

(58). DURING THE ENTIRE ASSAULT UPON PLAINTIFF BY THE DEFENDANTS PLAINTIFF WAS DOWN INEPT AND COMPLETELY UNDER THE CONTROL OF THE DEFENDANTS BY SGT MORRIS HOLDING THE SHIELD DOWN AGAINST PLAINTIFF'S BODY WITH ONE HAND AND HIS BODY WEIGHT, SO PLAINTIFF COULD NOT DEFEND HIMSELF.

(59). THE YELLING BY THE DEFENDANTS DURING THE CELL EXTRACTION "STOP RESISTING"! WAS CLEARLY AN ACT BY THE DEFENDANTS TO MAKE IT APPEAR THAT PLAINTIFF WAS RESISTING THE TEAMS EFFORT TO HAVE THE RESTRAINTS PLACED ON HIM TO JUSTIFY THEIR UNJUSTIFIED ASSAULTIVE BEHAVIOR AGAINST PLAINTIFF WHICH HAS REMAINED AN ON-GOING ACT FOR MANY YEARS THROUGHOUT THE FLORIDA DEPART-

STATEMENT OF FACTS CONTINUED:

MENT OF CORRECTIONS BY A-TEAM AND CELL EXTRACTIONS TEAM MEM-BERS.

160). AS THE PHYSICAL ASSAULT CONTINUED TO TAKE PLACE AGAINST PLAIN-TIFF WITHOUT A LEGITIMATE REASON. CAPTAIN HANSON AND Lt. McSPADDEN WAS PRESENT AND WATCHED THE ENTIRE INCIDENT AND HAD PRIOR KNOWLEDGE THAT PLAINTIFF WAS GOING TO BE PHYSICALLY ASSAULTED AND FAILED IN THEIR DUTY TO INTERVENE OR TAKE CORRECTIVE ACTIONS TO ELIMINATE THE ABUSE WHEN THEY HAD THE OPPORTUNITY AND TIME TO DO SO.

161). ALSO, BEFORE OFFICER OLIVEROS, SGT. ANDERSON AND SGT. PARR ASSAULTED PLAINTIFF, THEY STOOD AND WATCHED SGT. MORRIS AND SGT. WOODS ASSAULT PLAINTIFF WITHOUT INTERVENING WHEN THEY HAD TIME TO DO SO.

162). AFTER THE UNJUSTIFIED PHYSICAL ASSAULT AGAINST PLAINTIFF CAPTAIN HANSON LT. McSPADDEN, SGT. WOODS, SGT. MORRIS, OFFICER OLIVEROS, SGT. PARR AND SGT. ANDERSON ALL CO-CONSPIRED TOGETHER TO OBSTRUCT JUSTICE BY SUBMITTING FALSE, MISLEADING AND INACCURATE DOC REPORTS AND DOCUMENTS TO CONCEAL THE ACTUAL FACTS OF THE UNNECESSARY FORCE IN VIOLATION OF F.A.C. RULE 33-208.002(19) THAT HAS RE-SULTED IN A PARTIAL INVESTIGATION BY THE INSPECTOR'S GENERAL OFFICE OF (DOC).

163). IN ORDER TO COVER UP THEIR RETALIATORY AND UNJUSTIFIED ASSAULTIVE BEHAVIOR AGAINST PLAINTIFF, CAPTAIN HANSON WROTE A FALSE USE OF FORCE REPORT AND TWO FALSE DISCIPLINARY RE-PORTS AGAINST PLAINTIFF, ONE FOR 6-1 DISOBEYING AN ORDER ALLEG-ING THAT PLAINTIFF REFUSED TO FOLLOW A PROPER STRIP SEARCH, THE SECOND BEING FOR 9-11 FEIGNING AN ILLNESS ALLEGING THAT WHEN THE A-TEAM ENTERED THE CELL PLAINTIFF SAT UP AND STARTED HITTING HIS FACE AND MOUTH INTO THE SHIELD WHICH WAS OVERTURNED.

(64). DURING PLAINTIFF'S VISIT AT THE MEDICAL CLINIC ON MAY 7, 2013, SGT. MORRIS, SGT. WOODS AND OFFICER OLIVERO'S STATED TO PLAINTIFF "WE FINALLY GOT YOUR BAD ASS", WE TOLD YOU REPEATEDLY THAT WE WERE GOING TO GET YOU FOR HEADBUTTING LT. SANDERS AND ALL THE TIMES YOU'VE ASSAULTED OFFICER'S IN THIS BUILDING.

(65). SGT. WOODS THEN STATED TO PLAINTIFF "YOU KNOW US OFFICER'S WE HAVE EACH OTHERS BACKS ACROSS FLORIDA, NO MATTER WHAT PRISON AN INMATE GOES TO, JUST AS OUR SAYING GOES "WE NEVER WALK ALONE".

(66). SGT. MORRIS THEN STATED TO PLAINTIFF " BUCKMAN YOU KNOW I WASN'T FINISHED KICKING YOUR ASS FROM LAST YEAR".

(67). SGT. MORRIS THEN INFORMED SGT. WOODS, OFFICER OLIVERO'S AND SGT. ANDERSON THAT PLAINTIFF TOLD HIM HE FILED A LAWSUIT AGAINST HIM FOR THE LAST ASSAULT, AND THAT PLAINTIFF COULD NOW FILE ANOTHER ONE, BECAUSE NOONE WAS GOING TO BELIEVE PLAINTIFF OF WHAT HAPPENED.

(68). AFTER, SGT. MORRIS MADE HIS STATEMENT, LT. MCSPADDEN STATED UNQUOTE " THE REASON I ALLOWED MY OFFICER'S TO KICK OFF IN YOUR ASS IS FOR ALL THE GRIEVANCES YOU'VE WROTE AGAINST ME. ESPECIALLY THOSE SEXUAL HARASSMENT GRIEVANCES, AND THAT YOU HEADBUTTED MY PARTNER LT. SANDER'S AND THAT I JUST DON'T LIKE YOU, THAT'S WHY I WROTE THOSE (DR'S) ON YOU TO KEEP YOU ON MAX. I BET YOU'VE LEARNED YOUR LESSON NOW SINCE YOUR ASS GOT KICKED AND TEETHS KNOCKED OUT."

(69). ON APRIL 24, 2013, PLAINTIFF DID INITIATE A FORMAL GRIEVANCE AGAINST LT. MCSPADDEN FOR SEXUAL HARASSMENT AND OTHER GRIEVANCES ON DIFFERENT DAYS FOR HIS FAILURE TO FOLLOW DOC RULES.

(70). THE TIME OF PLAINTIFF FILING HIS SEXUAL HARASSMENT GRIE-
VANCES AGAINST Lt. MCSPADDEN AND THE ASSAULT TAKING PLACE WAS
ABOUT (11) DAYS APART.

(71). AS A RESULT OF THE PHYSICAL ABUSE, RETALIATORY ATTACK AND
THE FAILURE TO PROTECT PLAINTIFF FROM HARM COMMITTED BY ALL
THE DEFENDANTS STATED IN THIS COMPLAINT, PLAINTIFF SUFFERED
THE FOLLOWING LONG-TERM AND SHORT-TERM PHYSICAL INJURIES THAT
HAS RESULTED IN (1) EMOTIONAL PAIN, (2). HUMILIATION AND EMBARRASSMENT,
(3). A NEGATIVE ATTITUDE TOWARDS ALL CORRECTIONAL OFFICER'S,
(4). MULTIPLE ABRASIONS TO THE FACE AND HEAD, (5) A BLOODY SWELLED
NOSE, (6). ONE MISSING FRONT TOOTH, (7), TWO BADLY CHIPPED FRONT
TEETHS, (8). A TOP BUSTED LIP, (9). A BADLY BUSTED BOTTOM LIP WHICH
REQUIRED 12 STITCHES INSIDE AND OUTSIDE. (10) DEPRIVATION OF SLEEP
DUE TO NIGHTMARES OF THE ASSAULT AND PAIN. (11) CONSTANT PAINFUL
HEADACHES, (12). ALWAYS BITING MY OWN BOTTOM LIP, (13). CONSTANT
SWELLING OF THE GUM'S WITH PAIN. (14). A CRACKED TOOTH.

(72). THE USE OF FORCE VIDEO, THE PHOTOS TAKEN OF PLAINTIFF
INJURIES TO HIS MOUTH ON MAY 7, 2013, BY CAPT. HANSON AND THE
PHOTOS TAKEN OF THE DRIED BLOOD IN PLAINTIFF'S CELL A-2306S ON
MAY 9, 2013, BY THE INSPECTOR GENERAL'S OFFICE SUPPORTS PLAINTIFF'S
CLAIM ALONG WITH HIS DENTAL AND MEDICAL RECORDS.

(73). EVERY SINCE THE PHYSICAL ABUSE AGAINST PLAINTIFF BY THE
DEFENDANTS, PLAINTIFF HAS BEEN EMBARRASSED AND HUMILIATED BY
MULTIPLE OFFICER'S AND NURSES EVERY-TIME PLAINTIFF STEPS OUT HIS
CELL WHICH HAS DIMINISHED PLAINTIFF'S CHARACTER, SELF PRIDE, DIGNITY,
AND THE LOST OF A BEAUTIFUL SMILE, SOME OF THE NURSES AND
OFFICER'S INCLUDES: SGT J. BRUNNER, OFFICER HORTON, SGT. B. CRAWFORD,
OFFICER DOUGLAS, SGT. BUCHANAN, AND SGT. MORRIS HIMSELF, NURSE
POLLAND, AND NURSE APEL, ALSO SGT. HAMMOND.

(74). ALL THE DEFENDANTS STATED IN THIS COMPLAINT HAS THREATEN
PLAINTIFF WITH FURTHER HARM AND OTHER OFFICER'S SUCH AS OFFICER DOUGLAS,
HORTON, SGT. HAMMOND AND SGT. BUCHANAN NO MATTER WHAT

PRISON PLAINTIFF IS HOUSED AT IN FLORIDA UNLESS PLAINTIFF IS TRANSFERRED DOWN SOUTH. THEY ALSO STATED THAT PLAINTIFF MAY MEET HIS DEATH OR HAVE MORE MISSING TEETHS AND A BROKE JAW.

(75). THE THREATS PLAINTIFF. HAS RECEIVED MAKES HIM IN FEAR OF HIS LIFE WHILE HOUSED IN THE FLORIDA PRISON SYSTEM AND KNOWS THAT FURTHER RETALIATORY ACTIONS WOULD BE TAKEN AGAINST PLAINTIFF IN THE NEAR FUTURE UNLESS PLAINTIFF IS TRANSFERRED TO THE SOUTH REGION OF FLORIDA OR OUT OF STATE FOR HIS PROTECTION.

(76). ALL THE DEFENDANTS VIOLATED F.A.C. RULE 33.208.002(8) WHEN THEY ASSAULTED PLAINTIFF WITHOUT CAUSE WHICH STATES "THAT NO EMPLOYEE SHALL WILLFULLY OR NEGLIGENTLY TREAT AN INMATE IN A CRUEL OR INHUMAN MANNER".

(77). THE DEFENDANTS ALSO VIOLATED F.A.C. RULE 33.208.002(14) "THAT NO EMPLOYEE SHALL APPLY PHYSICAL FORCE TO THE PERSON OF AN INMATE OR PERSON UNDER HIS SUPERVISION EXCEPT AND ONLY TO THE DEGREE THAT IT REASONABLY APPEARS TO BE NECESSARY.

# VII. RELIEF REQUESTED:

A. ISSUE A DECLARATORY JUDGMENT STATING THAT:

(1). THE PHYSICAL ABUSE OF THE PLAINTIFF BY DEFENDANTS MORRIS, WOODS, OLIVERNS, ANDERSON AND PARR VIOLATED PLAINTIFFS RIGHTS UNDER THE EIGHTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND CONSTITUTE ASSAULT AND BATTERY UNDER FLORIDA STATE LAW.

(2). DEFENDANT HANSON AND McSPADDEN FAILURE TO CURB THE PHYSICAL ABUSE OF PLAINTIFF VIOLATED HIS RIGHTS UNDER THE EIGHTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND CONSTITUTES ASSAULT AND BATTERY UNDER FLORIDA STATE LAW.

(3). ALL THE DEFENDANTS STATED IN THIS COMPLAINT MISCONDUCT OF CO-CONSPIRING WITH EACH OTHER TO OBSTRUCT JUSTICE BY SUBMITTING AND CREATING FALSE, MISLEADING, AND INACCURATE INCIDENT REPORTS, DOCUMENTS AND DISCIPLINARY REPORTS TO THE DEPART-

RELIEF REQUESTED, CONTINUED.

MENT OF CORRECTIONS TO CONCEAL THE TRUE FACTS OF THE PHYSICAL ABUSE VIOLATES F.A.C. RULE 33-208.002(19) THAT RESULTED IN A PARTIAL INVESTIGATION BY THE INSPECTOR GENERAL'S OFFICE WHICH VIOLATES FEDERAL AND STATE LAW OF FLORIDA AND THE UNITED STATES.

(4). DEFENDANT MORRIS, WOODS, OLIVERO'S AND MCSPADDEN VIOLATED PLAINTIFFS FIRST AMENDMENT RIGHT AGAINST RETALIATION FOR FILING GRIEVANCES AND PLAINTIFFS PAST MISCONDUCT OF ASSAULTING OFFICERS.

(5). THE PHYSICAL ABUSE AND THE UNJUSTIFIED FORCE BY THE A-TEAM MEMBERS WERE PART OF AN ON-GOING OFFICIAL CUSTOM POLICY AND PRACTICES AT FLORIDA STATE PRISON AND RESULTED FROM IN-ADEQUATE TRAINING.

(6). ALL DEFENDANTS ACTED UNDER THE COLOR OF STATE LAW AND THAT THEY USED THEIR INDIVIDUAL CAPACITIES TO VIOLATE PLAINTIFFS CONSTITUTIONAL RIGHTS.

**B.** ISSUE AN INJUNCTION ORDERING THE FLORIDA DEPARTMENT OF CORRECTIONS TO:

(1). PROPERLY TRAIN MEMBERS OF THE A-TEAM TO EXTRACT AN UNRESPONSIVE INMATE FROM THE CELL WITHOUT USING ANY PHYSICAL VIOLENCE.

(2). PROPERLY TRAIN THE USE OF FORCE CAMERA OPERATOR TO RECORD THE ENTIRE INCIDENT FROM THE TIME THE A-TEAM ENTERS AND EXITS THE CELL AND REVIEW THE INMATE TO ELIMINATE THE UNNECESSARY PHYSICAL ABUSE OF INMATES.

(3). TRAIN THE A-TEAM MEMBERS IN USING THE CORRECT METHOD AND TECHNIQUES IN APPLYING AUTHORIZED PHYSICAL FORCE UPON AN INMATE WHEN EXTRACTING HIM FROM A CELL WITHOUT PHYSICALLY BEATING AN INMATE.

RELIEF REQUESTED, (CONTINUED)

C.    ISSUE AN INJUNCTION ORDERING THE FLORIDA DEPARTMENT OF CORRECTIONS TO:

(1).  HAVE ALL PLAINTIFF'S TEETHS FIXED BY THE DENTAL DEPARTMENT WITHIN A REASONABLE TIME FRAME THAT RESULTED FROM THE PHYSICAL ASSAULT BY THE DEFENDANTS NAMED IN THIS COMPLAINT AGAINST PLAINTIFF.

(2).  PROVIDE PLAINTIFF WITH AN INTERSTATE COMPACT TO ANOTHER STATE OR TRANSFER PLAINTIFF TO THE SOUTH REGION OF FLORIDA TO AVOID ANY FURTHER PHYSICAL ABUSE OR RETALIATORY ATTACK AGAINST PLAINTIFF BY (FDOC) PRISON OFFICIALS AND ANY ATTACK FROM PLAINTIFF UPON ANY DEFENDANT STATED IN THIS COMPLAINT OR OTHER OFFICER'S STATED HEREIN, WHICH IS FOR THE PROTECTION OF EVERYONE.

D.    AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:

(1).  $600,000 DOLLARS JOINTLY AND SEVERALLY AGAINST DEFENDANTS, MORRIS, WOODS, OLIVERO'S, ANDERSON, PORR, HANSON AND MCSPADDEN FOR THE MISUSE OF FORCE/PHYSICAL BEATING OF PLAINTIFF THAT RESULTED IN (12) STITCHES, ONE MISSING TOOTH, TWO CHIPPED TEETHS, A BUSTED NOSE, PHYSICAL AND EMOTIONAL PAIN, EMBARRASSMENT AND HUMILIATION PLAINTIFF'S SUFFERS FROM THE OFFICER'S AND NURSES AT THE PRISON, DUE TO THE ASSAULT.

(2).  $150,000 DOLLARS JOINTLY AND SEVERALLY AGAINST DEFENDANTS MCSPADDEN, HANSON, OLIVERO'S, ANDERSON AND PORR FOR THEIR FAILURE TO PROTECT OR INTERVENE UPON PLAINTIFF'S SAFETY FROM SERIOUS HARM.

E.    AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:

(1).  $100,000 DOLLARS EACH AGAINST DEFENDANTS MORRIS, WOODS, OLIVERO'S, ANDERSON, AND PORR.

(2). $100,000 DOLLARS EACH AGAINST DEFENDANT'S MCSPADDEN AND HANSON.

(3). $100,000 DOLLARS EACH AGAINST DEFENDANTS MORRIS, WOODS, OLIVERO'S AND MCSPADDEN FOR THEIR RETALITATORY ATTACK AGAINST PLAINTIFF.

F.   A TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.

G.   PLAINTIFF'S COST IN THIS SUIT ALONG WITH ATTORNEY FEES IF ANY.

H.   SUCH OTHER AND FURTHER RELIEF AS THIS COURT MAY DEEM JUST PROPER AND EQUITABLE.

## I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNED THIS 2nd DAY OF DECEMBER 2013.

/s/ Antonio Buckman

## IF MAILED BY PRISONER:

I DECLARE (OR CERTIFY, VERIFY, OR AFFIRM) UNDER PENALTY OF PERJURY THAT THIS COMPLAINT WAS DELIVERED TO PRISON OFFICIALS FOR MAILING ON THE 2nd DAY OF DECEMBER 2013.