IN THE DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: 3:13-cv-872-J-32JRK

ANTONIO L. BUCKMAN,
DC# Q09285

    Plaintiff,

v.

RONNIE MORRIS, *et al.*,

    Defendants.
_____/

## ANSWER AND DEFENSES

Defendants **JACOB ANDERSON, GEORGE HANSON, RONNIE MORRIS, J. OLIVEROS, KENNETH PORR, AND BRANDON WOODS** ("Defendants")[1], by and through undersigned counsel, and pursuant to Rule 8(b) and 8(c), Fed. R. Civ. P., hereby file this Answer and Defenses to Plaintiff's Amended Complaint (DE# 8):

### PLACE OF PRESENT CONFINEMENT

Defendants admit that Plaintiff is currently housed at Florida State Prison.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants deny that Plaintiff has exhausted his administrative remedies by failing to properly exhaust his claims through the administrative grievance process under Chapter 33, Florida Administrative Code.

### PREVIOUS LAWSUITS

Defendants are without knowledge as to Plaintiff's previous lawsuits and therefore deny them.

---

[1] Pursuant to Local Rule 2.03(a), Middle District of Florida, the filing of this pleading or paper constitutes a general appearance by undersigned counsel on behalf of the persons or parties for whom the pleading or paper is filed.

## STATEMENT OF CLAIM

1. Without knowledge and therefore denied.

2. Without knowledge and therefore denied.

3. Without knowledge and therefore denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Admit that Plaintiff is only suing the Defendants in their official capacities for injunctive relief.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## RELIEF REQUESTED

Defendants deny that Plaintiff is entitled to a declaratory judgment for the relief requested in paragraphs (A)(1) through A(6). Defendants deny that Plaintiff is entitled to an injunction for the relief requested in B(1) through B(3). Defendants deny that Plaintiff is entitled to an injunction for the relief requested in C(1) through C(2). Defendants deny that Plaintiff is entitled to the compensatory damages found in D(1) through D(2). Defendants deny that Plaintiff is entitled to the punitive damages found in E(1) through E(3). Defendants further deny that Plaintiff is entitled to costs in this suit, attorneys fees, or any other relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants acted reasonably within the discretion of their position and the course and scope of employment and did not violate any clearly established statutory or constitutional right

of the Plaintiff with which a reasonable person would have known, and therefore are entitled to qualified immunity from suit.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

## THIRD AFFIRMATIVE DEFENSE

Defendants did not act in any way that would violate any clearly established rights guaranteed to the Plaintiff under the Constitution.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action because there is no causal connection between plaintiff's claimed injuries and action or inaction by the defendants as required for liability under 42 U.S.C. §1983.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action because plaintiff cannot establish the deliberate indifference required at a minimum for liability under 42 U.S.C. §1983.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action because negligence is not actionable under 42 U.S.C. §1983.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants assert that any and all injuries or damages suffered by Plaintiff were caused in whole or in part by Plaintiff's negligence or wrongful acts and/or misconduct.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish as a subjective matter, that the Defendants acted with a sufficiently culpable state of mind as required for liability under 42 U.S.C. § 1983.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred pursuant to the Prison Litigation Reform Act (PLRA) based on lack of a physical injury as a result of the alleged actions by Defendants.

### TENTH AFFIRMATIVE DEFENSE

The actions taken by Defendants with regard to the incident were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions so as to warrant recovery under 42 U.S.C. § 1983.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for punitive damages because he has not alleged the type of conduct that would meet the standards set forth by Smith v. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 Led.2d 632 (1983).

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

This action is barred by the Prison Litigation Reform Act (PLRA) because Plaintiff failed to exhaust his administrative remedies with the Florida Department of Corrections prior to initiating this lawsuit, and therefore deprived them of the ability to evaluate this issue internally before filing a federal lawsuit.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted for injunctive relief.

## RESERVATION OF RIGHTS TO AMEND AND SUPPLEMENT

Defendants reserve the right to amend and supplement these defenses and affirmative defenses adding such additional affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

**WHEREFORE**, having fully answered the Amended Complaint, the Defendants deny that the Plaintiff is entitled to the relief sought, or any relief whatsoever, and further demand trial by jury of all issues so triable.

    Respectfully submitted,
    **PAMELA JO BONDI**
    ATTORNEY GENERAL

    S/ Sean W. Gellis
    Sean W. Gellis (Fla Bar. 105924)
    Assistant Attorney General
    Sean.Gellis@myfloridalegal.com
    OFFICE OF THE ATTORNEY GENERAL
    The Capitol, Suite PL-01
    Tallahassee, Florida 32399
    Telephone:   (850) 414-3300
    Facsimile:   (850) 488-4872
    Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically through CM/ECF and served by U.S. mail February 3, 2015 on all counsel or parties of record on the attached service list.

    S/ Sean Gellis
    Sean Gellis
    Assistant Attorney General

## SERVICE LIST

Antonio L. Buckman, DC# Q09285
Florida State Prison
7819 N.W. 228th Street
Raiford, Florida 32026-1000